### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| MARK A. WILCOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-3009 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Plaintiff Mark A. Wilcox (Plaintiff) appeals from the denial of his application for Social Security Disability Insurance under Title II of the Social Security Act and his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (collectively Disability Benefits). 42 U.S.C. §§ 416(i), 423, 1381a and 1382c. This appeal is brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Wilcox filed Plaintiff's Motion for Summary Judgment (d/e 13) (Wilcox Motion), the Defendant Commissioner filed a Motion for Summary Affirmance (d/e 15), and the Plaintiff filed Plaintiff's Reply [16]. This matter is before the Court for a Report and Recommendation. For the reasons set forth below, the Decision of the Commissioner should be REVERSED and REMANDED

with instructions to find that Wilcox was disabled for the relevant time period and to award benefits.

BACKGROUND

Wilcox was born on April 19, 1967. He suffered from diabetes, hypertension, cardiomyopathy, chronic kidney disease, obesity, affective disorder, and anxiety disorder. On March 23, 2012, Wilcox filed his applications for Disability Benefits. He alleged that he became disabled on August 8, 2011 (Onset Date). <u>Certified Copy of the Transcript of Proceedings before the Social Security Administration (d/e 9) (R.)</u>, at 1418, 1458. The Commissioner initially denied Wilcox's claim. The decision was reversed and remanded by this Court. <u>Wilcox v. Commissioner of Social Security</u>, C.D. Ill. Case No. 16-4034, <u>Order and Opinion entered October 4, 2016</u>. On remand, the Administrative Law Judge (ALJ) found that Wilcox was disabled as of his 50th birthday, April 18, 2017, but not before. Wilcox again sought judicial review in this Court. This Court affirmed the finding that Wilcox was disabled as of April 18, 2017 but reversed and remanded the decision that he was not disabled before that date. <u>Wilcox v. Commissioner of Social Security</u>, C.D. Ill. Case No. 18-4064, <u>Order entered June 10, 2019</u>. On August 20, 2020, a different ALJ issued a second

decision that Wilcox was not disabled prior to April 18, 2017.  R. 1414-61.  Wilcox then filed this action for judicial review.

## ISSUES ON JUDICIAL REVIEW

Wilcox only challenges the sufficiency of the evidence at Step 5 of the Social Security Administration's five-step analysis for adjudicating Disability Benefits claims (Analysis).  20 C.F.R. §§ 404.1520, 416.920.  Step 1 requires that the claimant not be currently engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If true, Step 2 requires the claimant to have a severe impairment.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If true, Step 3 requires a determination of whether the claimant is so severely impaired that he is disabled regardless of his age, education, and work experience.  20 C.F.R. §§ 404.1520(d), 416.920(d).  To meet this requirement at Step 3, the claimant's condition must meet or be equal to the criteria of one of the impairments specified in 20 C.F.R. Part 404 Subpart P, Appendix 1 (Listing).  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant is not so severely impaired, the ALJ proceeds to Step 4 of the Analysis.

Step 4 requires the claimant not to be able to return to his prior work considering his age, education, work experience, and Residual Functional Capacity (RFC).  20 C.F.R. §§ 404.1520(e) and (f), 416.920(e) and (f).  If

the claimant cannot return to his prior work, then Step 5 requires a determination of whether the claimant is disabled considering his RFC, age, education, and past work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c). The claimant has the burden of presenting evidence and proving the issues on the first four steps. The Commissioner has the burden at Step 5 to present evidence that, considering the listed factors, the claimant can perform a significant number of jobs that exist in the national economy. 20 C.F.R. §§ 404.1512, 404.1560(c); <u>Weatherbee v. Astrue</u>, 649 F.3d 565, 569 (7th Cir. 2011); <u>Briscoe ex rel. Taylor v. Barnhart</u>, 425 F.3d 345, 352 (7th Cir. 2005).

Wilcox limits his challenge to whether the ALJ erred at Step 5 in finding that Wilcox could perform a significant number of jobs available in the national economy. The Court, therefore, limits the discussion of the facts to that issue.

## STATEMENT OF FACTS

On July 22, 2020, the ALJ held the last evidentiary hearing. R. 1472-1502. Vocational expert Dennis Gustafson appeared at the hearing. R. 1474. Wilcox had no objection to Gustafson's qualifications to testify as a vocational expert. The ALJ asked Gustafson the following hypothetical question:

> [I] just want you to consider the vocational profile of the claimant as of April 17th—or through April 17, 2017, which means he's a younger individual with the following first hypothetical. That being an exertional capacity limited to light or no climbing of ladders, ropes or scaffolds.
> Other posturals are performed occasionally; need to avoid concentrated exposure to extreme temperatures and to pulmonary irritants; holding to moderate deficits pertaining to concentration, persistence and pace. The individual would be limited to understanding simple and routine instructions; to making simple work related decisions and to the performance of simple and routine tasks on a sustained basis with little or no change in the work settings or duties; only to moderate social limitations.
> The individual would be limited to occasional interaction with the public, co-workers and supervisors. Again, considering the vocational profile of the claimant, would there have been any light and/or sedentary jobs in the country that such a person could have performed, and if so, maybe give me examples of each?

R. 1491-92. Gustafson opined that the person could perform light exertional jobs including the examples of cleaner, housekeeping, with 420,000 such jobs in the national economy; and marker, with 218,000 such jobs in the national economy. Gustafson said that the person could perform sedentary exertional jobs including the examples of addresser, with 4,400 such jobs in the national economy; tube operator, with 4,600 such jobs in the national economy; and nut sorter with 2,500 such jobs in the national economy. R. 1492.

The ALJ asked Gustafson if the sedentary jobs listed were representative examples of available jobs. Gustafson said, "They're,

they're representative, but there's not an awful lot more of them. And the additional ones would be fewer in number." R. 1493. The ALJ asked Gustafson an estimate of the aggregate number of additional sedentary jobs in the national economy that the person could perform. Gustafson responded, "Yeah. I would estimate they would all add up to 15,000, somewhere in there, something like that, totaling all of them." Gustafson said that the 15,000 would be in addition to the three example jobs given. R. 1493.

Gustafson had opined on the number of jobs that existed at the time of the hearing. The ALJ asked him to estimate the number of jobs in early 2017. Gustafson responded with opinions on the number of jobs that existed in 2016. Gustafson opined that the number of cleaner, housekeeper jobs would have been 75,000; the number of marker jobs would have been 350,000; the number of addresser jobs would have been 12,000; the number of tube operator jobs would have been 4,400; and the number of nut sorter jobs would have been 270. Gustafson said that the aggregate number of all the remaining sedentary jobs would have remained at 15,000. R. 1496-97. Gustafson testified that his opinions were consistent with the information in the U.S. Department of Labor's Dictionary of Occupational Titles (DOT). R. 1499.

On examination by Wilcox's attorney, Gustafson estimated that the total workforce population in 2016 was 160,000,000. He said that number had stayed the same for quite some time. R. 1500-01.

On August 20, 2020, the ALJ issued his decision. The ALJ found that from the Onset Date to April 17, 2017, Wilcox had the RFC to perform a limited range of sedentary work:

> After careful consideration of the entire record, the undersigned finds that during the period between August 8, 2011, the alleged onset date, and April 17, 2017, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a) except no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, or scaffolds; no concentrated exposure to extreme temperatures and pulmonary irritants; and no work at unprotected heights or around unprotected hazardous machinery. The claimant was capable of understanding simple and routine instructions, making simple work-related decisions, and performing simple and routine tasks on a sustained basis with no change in work settings or duties and where he had only occasional interaction with coworkers and supervisors and no interactions with the public.

R. 1426. The ALJ determined at Step 4 that Wilcox could not perform his past relevant work. R. 1458.

At Step 5, the ALJ found that Wilcox could perform a significant number of jobs that existed in the national economy. The ALJ relied on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, subpart P, Appendix 2 (Grid); the RFC determination; and the opinions of vocational expert

Gustafson. The Grid indicated that a person with Wilcox's age, education, work experience, and an RFC to perform a full range of sedentary jobs would not be disabled. R. at 1459-60 (citing Grid Rule 201.28 and 201.21.). Wilcox could not perform a full range of sedentary work during the relevant period based on the RFC finding, and so, the ALJ considered Gustafson's opinions:

> The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as addresser (DOT # 209.587-010) (4400 sedentary unskilled jobs currently; 12,000 jobs as of 2016) or tube operator (DOT # 239.687-014) (4600 sedentary unskilled jobs currently; 4400 jobs as of 2016). He stated there would be around 15,000 additional sedentary unskilled jobs that would fit the hypothetical, although the job numbers for individual occupations would be much lower than for addresser or tube operator. He said that the additional number of jobs in 2016 would be around 15,000 as well. The vocational expert explained how he reached the current job numbers and the job numbers as of 2016.[1]

R. 1460. The ALJ concluded at Step 5 that Wilcox was not disabled from the onset date to April 17, 2017. The ALJ said:

> Based on the testimony of the vocational expert, the undersigned concludes that during the period from August 8, 2011, the alleged onset date, to April 17, 2017, considering the claimant's age, education, work experience, and residual functional capacity, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. A finding of "not disabled" is

---

[1] The number of the representative occupations in the national economy for 2016 totals 31,400.

therefore appropriate under the framework of the above-cited rules.

R. 1460.

## ANALYSIS

This Court reviews the Decision of the Commissioner to determine whether it is supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate" to support the decision. Richardson v. Perales, 402 U.S. 389, 401 (1971). This Court must accept the findings if they are supported by substantial evidence and may not substitute its judgment or reweigh the evidence. Jens v. Barnhart, 347 F.3d 209, 212 (7th Cir. 2003); Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986). The ALJ must articulate at least minimally his analysis of all relevant evidence. Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ must "build an accurate and logical bridge from the evidence to his conclusion." Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

In this case, the ALJ failed to build a logical bridge from Gustafson's opinion that a person with Wilcox's age, education, work experience, and RFC could perform 31,400 sedentary jobs in the national economy to the ALJ's conclusion that Wilcox could perform a significant number of jobs in

the national economy.[2]  The ALJ did not explain why 31,400 jobs was a significant number of jobs.  Gustafson testified that 160,000,000 jobs existed in the national economy in 2016.  Given that such a large number of jobs existed, the ALJ needed to explain why 31,400 was a significant number of jobs.  He gave no such explanation.  The decision, therefore, should be reversed and remanded.

Wilcox also argues that the Court should order an award of benefits because 31,400 jobs is not a significant number of jobs in the national economy as a matter of law.  This Court may only award benefits if all factual issues have been resolved and the record supports a finding of disability.[3] Allord v. Astrue, 631 F.3d 411, 417 (7th Cir. 2011).  No controlling legal authority sets forth the minimum number of jobs that constitute a significant number of jobs in the national economy.  District Court decisions have varied widely.  Compare, e.g., Sally S. v. Berryhill, 2019 WL 3335033, at *11 (N.D. Ind. July 23, 2019) (120,350 is not a

---

[2] The 31,400 figure consists of 12,000 addresser jobs in 2016, the 4,400 tube operator jobs, and the 15,000 additional sedentary jobs that existed in 2016 that Gustafson opined the person in the hypothetical question could perform.

[3] Wilcox challenges Gustafson's methodology and his reading of the data on which he relied.  Wilcox supports this argument with materials that were not submitted into the record before the ALJ.  Wilcox Motion, attached Job Browser Pro 2016 DOT Job Estimator for Addresser and Tube Operator.  This Court decides whether the ALJ made an error, and so, must base the decision on the record before the ALJ. See Farrell v. Astrue, 692 F.3d 767, 770 (7th Cir. 2012); Diaz v. Chater, 55 F.3d 300, 309 (7th Cir. 1995).  The Court will not consider material not made part of the record before the ALJ.  Wilcox, further, did not challenge Gustafson's opinions before the ALJ, and so, waived the issue.  Coyier v. Saul, 860 Fed. Appx. 426, 427-28, (7th Cir. 2021).

significant number of jobs in the national economy) with Dorothy B. v. Berryhill, 2019 WL 2325998, at *7 (N.D. Ill. May 31, 2019) (17,700 is a significant number of jobs in the national economy).

The Seventh Circuit has stated that 1,000 jobs in a region is a significant number of jobs. Liskowitz v. Astrue, 559 F.3d 736, 743 (7th Cir. 2009). The Seventh Circuit has not given any guidance on the minimum number of jobs in the national economy that constitutes a significant number. However, if the Court considers each State a region, then 31,400 jobs divided by 50 regions would result in 628 jobs per region, far less than the 1,000-job figure discussed in Liskowitz. Also, the region at issue in Liskowitz was the Milwaukee, Wisconsin, area, not an entire state. Liskowitz, 559 F.3d at 743. Thus, the number of available jobs that Wilcox could perform in each region, as the Seventh Circuit used the term, would be less than the 628 for an entire state. In light of the Seventh Circuit's guidance in Liskowitz, the Court finds that 31,400 jobs in the national economy is not a significant number for purposes of Step 5 of the Analysis. The ALJ's factual findings of Wilcox's RFC and the number of jobs in the national economy that Wilcox could perform, therefore, establish at Step 5 of the Analysis that Wilcox was disabled from his Onset Date until April 17, 2017.

THEREFORE, THIS COURT RECOMMENDS that Plaintiff Mark A. Wilcox's Motion for Summary Judgment (d/e 13) should be ALLOWED; the Defendant Commissioner's Motion for Summary Affirmance (d/e 15) should be DENIED; and the decision of the Commissioner should be REVERSED and REMANDED with instructions to find Plaintiff Mark Wilcox disabled from his Onset Date of August 8, 2011 through April 17, 2017 and direct the Commissioner to award benefits accordingly.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER:   January 3, 2022

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE